EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Torres Quintero y otros<br><br>Recurridos<br><br>v.<br><br>Pfizer Pharmaceuticals, Inc.<br><br>Peticionaria | Certiorari<br><br>2007 TSPR 82<br><br>170 DPR _____ |

Número del Caso: CC-2005-1007

Fecha: 4 de mayo de 2007

Tribunal de Apelaciones:

      Región Judicial de Bayamón-Panel VII

Panel integrado por su Presidente, el Juez Sánchez Martínez, la Jueza Fraticelli Torres y el Juez Martínez Torres

Abogados de la Parte Peticionaria:

      Lcdo. Rafael E. Aguiló-Vélez
      Lcda. Karem Rodríguez González

Abogado de la Parte Recurrida:

      Lcdo. Luis R. Mellado-González

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Torres Quintero y otros

    Recurridos

      v.

Pfizer Pharmaceuticals, Inc.

    Peticionaria

CC-2005-1007

SENTENCIA

San Juan, Puerto Rico, a 4 de mayo de 2007.

El 10 de febrero de 2006 expedimos el auto de *Certiorari* solicitado en el caso de epígrafe para revisar un dictamen final del Tribunal de Apelaciones, mediante el cual se determinó que unos empleados, que radicaron una demanda contra su patrono el 28 de julio de 1999, reclamando el pago de salarios adeudados, entre otras cosas, podían reclamar los mismos por el período retroactivo de diez (10) años.

Por medio de la presente, revocamos la resolución recurrida del Tribunal de Apelaciones y concluimos que los referidos empleados pueden

reclamar los salarios debidos y no pagados por los tres (3) años anteriores a la presentación de la demanda.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez emitió Opinión de Conformidad a la que se unen el Juez Presidente señor Hernández Denton y el Juez Asociado señor Rebollo López. El Juez Asociado señor Fuster Berlingeri y la Jueza Asociada señora Fiol Matta disienten sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez concurre sin opinión escrita.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Torres Quintero y otros

        Recurridos

          v.

Pfizer Pharmaceuticals, Inc.

        Peticionaria

CC-2005-1007

Opinión de Conformidad emitida por el Juez Asociado señor Rivera Pérez a la que se une el Juez Presidente señor Hernández Denton y el Juez Asociado señor Rebollo López.

San Juan, Puerto Rico, a 4 de mayo de 2007.

Estamos conformes con el resultado que le imprime la Mayoría al caso de epígrafe toda vez que, conforme a nuestro estado de derecho vigente, los empleados de marras pueden reclamar de su patrono los salarios debidos y no pagados por el período retroactivo de tres (3) años y no por el período decenal de la legislación de salario mínimo de 1956. De igual manera, somos del criterio de que no procede enmendar las alegaciones de una demanda cuando el asunto objeto de la pretendida enmienda ha sido previamente adjudicado, mediante sentencia final y firme. Veamos.

I

**El 28 de julio de 1999**, el señor José Torres Quintero y otros dos (2) empleados, en adelante los empleados o demandantes, presentaron ante el Tribunal de Primera Instancia una demanda contra su patrono, Pfizer Pharmaceuticals, Inc., en adelante Pfizer o el patrono.[1] Mediante la misma, reclamaron el pago de salarios por los siguientes conceptos: horas extras trabajadas en exceso de cuarenta (40) semanales, séptimos días de trabajo consecutivo, vacaciones fraccionadas, bono de Navidad, así como el pago de beneficios por un plan de ahorro y retiro. **Solicitaron el pago de salarios por los diez (10) años previos a la presentación de la demanda.**[2]

El 29 de noviembre de 1999, Pfizer presentó una "Moción Solicitando Desestimación y/o Sentencia Sumaria Parcial". Mediante la misma, alegó, entre otras cosas, que las reclamaciones **previas al 28 de julio de 1996 estaban prescritas**. Fundamentaron su pedimento en el Artículo 12 de la Ley Núm. 180 de 27 de julio de 1998, que modificó el período retroactivo para reclamar salarios de diez (10) a tres (3) años.[3] Dicha legislación entró en vigor el 27 de

---

[1] Los otros empleados demandantes son los señores Jaime Ruiz Hernández y Ángel Luis Santiago Cruz.

[2] Sentencia del Tribunal de Apelaciones de 27 de junio de 2000, Apéndice del recurso de *Certiorari*, págs. 76-86.

[3] 29 L.P.R.A. sec. 250j(b)(c). El Artículo 12 de la Ley Núm. 180, *supra*, enmendó la sección 32 de la Ley Núm. 96 de 26 de

julio de 1998 y dispuso en el inciso (e) del Artículo en cuestión que el nuevo período retroactivo de tres (3) años, no aplicaría a los casos ya radicados, **o que se radicaran en los tribunales dentro del período de un (1) año a partir del 27 de julio de 1998**.[4] Pfizer alegó que la demanda, presentada el 28 de julio de 1999, facultaba a los empleados a reclamar únicamente por el período de tres (3) años. Ello, porque se presentó **pasado el término de gracia de un (1) año, preceptuado en el referido Artículo, para reclamar salarios por el período decenal**.[5]

Los empleados se opusieron alegando que dicho término era uno **prescriptivo**, por lo cual debía computarse conforme a lo dispuesto en la Regla 68.1 de Procedimiento Civil.[6] Intimaron, en síntesis, que su reclamación se presentó a tiempo, toda vez que el **27 de julio de 1999**, se celebró el natalicio del doctor José Celso Barbosa, día de fiesta legal en Puerto Rico. En tal virtud, esgrimieron que podían reclamar los salarios por el período de diez (10) años.

---

junio 1956, que facultaba a los empleados a reclamar salarios adeudados por un período de hasta diez (10) años retroactivos a la presentación de una acción judicial.

[4] 29 L.P.R.A. sec. 250j(e).

[5] "Moción Solicitando Desestimación y/o Sentencia Sumaria Parcial" Apéndice del recurso de *Certiorari*, págs. 1-4.

[6] 32 L.P.R.A. Ap. III, R. 68.1. En lo pertinente, esta Regla preceptúa que en la computación de cualquier término prescrito o concedido por las Reglas de Procedimiento Civil, por orden del tribunal o por cualquier estatuto aplicable, no se computará el último día del término cuando el mismo sea sábado, domingo o día de fiesta legal.

En su réplica, Pfizer alegó, en esencia, que el inciso (e) del Artículo 12 de la Ley Núm. 180, *supra*, no establecía un término prescriptivo, sino que más **bien marcaba el momento en que las disposiciones del mismo entraban en vigor.** Arguyó, entre otras cosas, que su **único efecto era mantener en suspenso la vigencia de dicho estatuto por un año.** En consecuencia, alegó que para el **28 de julio de 1999**, fecha de la presentación de la demanda, el estado de derecho vigente era la Ley Núm. 180, *supra*, y no la legislación de salario mínimo de 1956 que permitía recobrar salarios adeudados por un período retroactivo de diez (10) años.[7]

El 1 de marzo de 2000, el foro primario dictó sentencia parcial, con carácter final, mediante la cual **limitó la reclamación de los demandantes a los tres (3) años anteriores a la presentación de la demanda.** Fundamentó su determinación en que el término de un (1) año, preceptuado en el inciso (e) del Artículo 12 de la Ley Núm. 180, *supra*, es un término que se refiere a la **entrada en vigor** de dicha disposición estatutaria y **no a un término prescriptivo.** Concluyó, además, que a toda reclamación presentada **después del 27 de julio de 1999 le es de aplicación el período retroactivo de tres (3) años**.[8] El 13 de marzo de 2000, el foro en cuestión

---

[7] Sentencia del Tribunal de Apelaciones de 27 de junio de 2000, Apéndice del recurso de *Certiorari*, págs. 76-86.

[8] Sentencia Parcial de 1 de marzo de 2000, Apéndice del recurso de *Certiorari*, págs. 66-69.

enmendó su sentencia para desestimar con perjuicio las reclamaciones de los empleados bajo el plan de ahorros y retiro.[9]

Inconformes con esta determinación, los demandantes acudieron, mediante escrito de *certiorari*, ante el anterior Tribunal de Circuito de Apelaciones alegando, entre otras cosas, que el foro primario había incidido al determinar que su reclamación estaba prescrita en cuanto a los siete (7) años previos al 28 de julio de 1996, así como al desestimar con perjuicio la reclamación bajo el plan de ahorro y retiro.

Mediante Sentencia de 27 de junio de 2000, el foro intermedio apelativo **confirmó la sentencia parcial** emitida por el Tribunal de Primera Instancia. Concluyó, en esencia, y en lo pertinente, que la Ley Núm. 180, *supra*, había entrado en vigor **inmediatamente después de su aprobación, o sea el 27 de julio de 1998**, y que, de acuerdo al inciso (e) del Artículo 12, *supra*, el término de un (1) año para entablar demandas por el período retroactivo de diez (10) años, **concluyó el 27 de julio de 1999, esto es, un día antes de que los empleados presentaran su reclamación judicial**. Indicó, además, que los tribunales no tienen autorización para cambiar la vigencia de una ley. Determinó que éstos nada pueden hacer cuando **el legislador no se ha percatado de que la fecha propuesta para la entrada en vigor de un estatuto coincide con un día feriado**. Señaló, además, que los allí

---

[9] Sentencia Parcial Enmendada *Nunc Pro Tunc* de 13 de marzo de 2000, Apéndice del recurso de *Certiorari*, págs. 71-74.

apelantes tuvieron todo un año durante el cual pudieron presentar su reclamación por el período retroactivo de diez (10) años, mas no lo hicieron. Por otra parte, el foro intermedio apelativo revocó al Tribunal de Primera Instancia en cuanto a la desestimación con perjuicio de las reclamaciones de los empleados bajo el plan de ahorro y retiro. Fundamentó tal determinación en que no se habían agotado los procedimientos administrativos internos en Pfizer. Por tal motivo, indicó que únicamente las reclamaciones bajo el plan de ahorro y retiro debían desestimarse sin perjuicio.[10]

Inconformes, el 2 de octubre de 2000, los empleados acudieron ante este Foro mediante escrito de *certiorari*. **Mediante Resolución de 21 de noviembre de 2000, denegamos la expedición del recurso.**[11]

Devuelto el caso al Tribunal de Primera Instancia, y luego de múltiples incidentes procesales, el 28 de enero de 2003, los empleados presentaron una demanda enmendada, mediante la cual solicitaron, entre otras cosas, la bifurcación de los procedimientos para dirimir, en dos (2) vistas separadas, las reclamaciones de cada uno de los

---

[10] Sentencia de 27 de junio de 2000, Apéndice del recurso de *Certiorari*, págs. 76-86.

[11] Resolución de 21 de noviembre de 2000, Apéndice del recurso de *Certiorari*, pág. 97. En dicha Resolución, el Juez Asociado señor Fuster Berlingeri hizo constar que expediría, mientras que el Juez Asociado señor Rebollo López y el entonces Juez Asociado señor Corrada del Río no intervinieron.

demandantes y el importe total de los salarios adeudados conforme las nóminas de Pfizer. **Reclamaron nuevamente el pago de salarios por el período retroactivo de diez (10) años.**[12] Pfizer se opuso alegando que la Sentencia, dictada el 27 de junio de 2000 por el anterior Tribunal de Circuito de Apelaciones, mediante la cual confirmó al foro primario había advenido **final, firme e inapelable.** Alegó, además, que permitir la referida enmienda le ocasionaría un grave perjuicio y afectaría seriamente la adjudicación de la cuestión litigiosa. Intimó, entre otras cosas, que el único fin de la parte demandante era incluir nuevamente las reclamaciones salariales por el período decenal. El 25 de junio de 2003, el Tribunal de Primera Instancia denegó las enmiendas solicitadas.[13]

Luego de varias incidencias procesales, el 26 de abril de 2005, los demandantes de autos presentaron una "Demanda Enmendada" solicitando el pago de los salarios por los diez (10) años previos a la presentación de la demanda original. Fundamentaron su pedimento en una Opinión de este Foro que, a su entender, **había cambiado el estado de derecho** en relación al alcance e interpretación del Artículo 12 de la Ley Núm.

---

[12] Demanda Enmendada de 28 de enero de 2003, Apéndice del recurso de *Certiorari*, págs. 214-225.

[13] Notificación de 25 de junio de 2003, archivada en autos copia de la notificación a las partes el 3 de julio de 2003. Apéndice del recurso de *Certiorari*, pág. 235.

180, *supra*.[14] Asimismo, incluyeron como demandantes a cuatro (4) empleados de Pfizer que, alegadamente, tenían las mismas reclamaciones contra el patrono.[15] Pfizer se opuso arguyendo que no procedía enmendar la demanda luego de que había advenido final y firme la Sentencia del anterior Tribunal de Circuito de Apelaciones, mediante la cual se dispuso que los empleados no podían reclamar los salarios por el período decenal. Asimismo, esgrimieron que no procedía presentar una demanda enmendada en un estado tan avanzado de los procedimientos, luego de casi seis (6) años de haberse instando la demanda original. El 15 de junio de 2005, el Tribunal de Primera Instancia declaró "No Ha Lugar" el pedimento de Pfizer.[16]

Inconforme, el 19 de julio de 2005, mediante escrito de *certiorari*, Pfizer acudió ante el Tribunal de Apelaciones alegando, entre otras cosas, que el foro primario había incidido al permitir que los empleados enmendaran su demanda para, entre otros, incorporar alegaciones **previamente desestimadas mediante sentencia parcial final, firme e inapelable.** Arguyó, además, que a los allí apelados no les asistía el derecho a recobrar salarios por el período

---

[14] Los demandantes fundamentaron su reclamación en nuestra Opinión en el caso de Hernández Lozano v. Schering Plough, 2003 T.S.P.R. 66, 2003 J.T.S. 71, 159 D.P.R.____ (2003).

[15] Demanda Enmendada de 25 de abril de 2005, Apéndice del recurso de *Certiorari*, págs. 242-253.

[16] Notificación de 15 de junio de 2005, archivada en autos copia de la notificación a las partes el 17 de junio de 2005, Apéndice del recurso de *Certiorari*, pág. 263.

decenal, contrario a lo resuelto por este Foro en Hernández Lozano, *supra*, toda vez que en dicho caso, contrario al de marras, no había recaído previamente una sentencia final, firme e inapelable. Indicó, entre otras cosas, que la determinación del anterior Tribunal de Circuito de Apelaciones, desestimando las reclamaciones previas al 28 de julio de 1996 eran obligatorias a los fines de resolver la controversia. Finalmente, intimó que permitir la presentación de una demanda enmendada la ubicaba en una posición de indefensión, toda vez que había confiado en **la certeza y finalidad de la Sentencia emitida el 27 de junio de 2000 por el foro intermedio apelativo.**

Mediante Resolución de 20 de septiembre de 2005, el Tribunal de Apelaciones concluyó que, ante la determinación de este Foro en Hernández Lozano, *supra*, **el estado de derecho había cambiado y, por ende, la teoría del caso de los empleados.** El foro en cuestión concluyó que éstos podían reclamar los salarios por el período decenal. Dicho tribunal concluyó que sería injusto no permitir a unos empleados probar sus alegaciones, toda vez que en nuestro ordenamiento jurídico existe una política pública de protección a los derechos de la clase trabajadora.[17]

Insatisfecha con tal determinación, Pfizer acude ante nos fundamentándose, esencialmente, en la **reinterpretación**

---

[17] Resolución del Tribunal de Apelaciones de 20 de septiembre de 2005, Apéndice del recurso de *Certiorari*, págs. 3-7.

del alcance y aplicación del Artículo 12 de la Ley Núm. 180, *supra*, que hiciéramos en González v. Merck.[18]

En consecuencia, Pfizer alega la comisión del error siguiente:

> **Erró el Tribunal de Apelaciones al permitir a los recurridos enmendar su demanda, toda vez que esto causará grave perjuicio a la parte demandada, impactaría la pronta adjudicación de la cuestión litigiosa, y tal proceder socava la confianza que se debe tener en la finalidad y certeza de los procedimientos judiciales y es contrario a derecho.**

II

**1. *Interpretación y alcance del Artículo 12 de la Ley Núm. 180 de 1998 a la luz del estado de derecho vigente.***

Recientemente resolvimos una controversia similar a la de marras en cuanto al número de años, retroactivos a la presentación de una demanda, que un empleado puede reclamar de su patrono por concepto de salarios debidos y no pagados. Dicha controversia nos permitió evaluar si el término de un (1) año, preceptuado en el inciso (e) del Artículo 12, *supra*, es un término de vigencia diferida o uno de naturaleza prescriptiva.[19]

En Gonzalez v. Merck, *supra*, unos empleados presentaron una demanda contra su patrono el **28 de julio de 1999**. Reclamaron el pago de salarios adeudados por los diez (10) años previos a la presentación de la acción judicial.

---

[18] 2006 T.S.P.R. 2, 2006 J.T.S. 10, 166 D.P.R.____(2006).

[19] Íd.

Intimaron que, toda vez que el 27 de julio de 1999 había sido día de fiesta legal, el término de un (1) año, para reclamar por el período decenal de la legislación anterior, se había extendido hasta el día siguiente. Esto, a su entender, de conformidad con la Regla 68.1 de Procedimiento Civil, *supra*.

Resolvimos que para el **<u>28 de julio de 1999</u>** ya estaba en pleno vigor el período retroactivo de tres (3) años estatuido en el Artículo 12 de la Ley Núm. 180, *supra*. En consecuencia, concluimos que una demanda presentada en dicha fecha no facultaba a reclamar por el período decenal de la legislación de salario mínimo de 1956. Resolvimos, además, que el término de un (1) año del Artículo 12 se refiere a un **<u>término de vigencia diferida o *vacatio legis* y no a un término prescriptivo</u>**. En dicho caso expresamos lo siguiente:

> Si examinamos el texto claro y libre de ambigüedad de la referida disposición estatutaria[20], entendiendo la misma en su más corriente y usual significación, surge que mediante la misma la Legislatura aplazó por el término de un año <u>el momento</u> en que las disposiciones del Artículo 12 comenzarían a tener efecto. De este modo, **las disposiciones del referido Artículo de ley cobraron efecto <u>el 28 de julio de 1999</u>, esto es, luego de transcurrido un año de que la Ley Núm. 180 entrara en vigor**… Durante el período transcurrido **entre el 27 de julio de 1998--fecha en que comenzó a regir la Ley Núm. 180, ante--y el 27 de julio de 1999, regiría lo establecido bajo la legislación anterior.** Esto es, aquellos casos

---

[20] Se refiere al inciso (e) del Artículo 12 de la Ley Núm. 180, *supra*.

instados durante ese período podrían incluir en sus reclamaciones los salarios debidos y no pagados de los pasados diez años. (Énfasis suplido).

Asimismo, en aquel caso tuvimos la oportunidad de atender el planteamiento de los empleados de Merck, similar al que esbozan los recurridos de marras, en cuanto a que el término de un (1) año, preceptuado en el Artículo 12, *supra*, debe computarse a tenor con la Regla 68.1 de Procedimiento Civil, *supra*. Nos expresamos de la manera siguiente:

A diferencia de un término prescriptivo, el Artículo 12(e) no tiene el efecto de extinguir un derecho. Su objeto es proveer un corto tiempo adicional para que, antes de la vigencia del nuevo estado de derecho que alterará el remedio provisto, los interesados puedan instar el pleito y así beneficiarse de la ley anterior cuyo remedio era más amplio… Lo que hace el Artículo 12(e) es advertirle a la ciudadanía que si se radica el pleito fuera del plazo *vacatio legis*, el remedio disponible será otro: el dispuesto en la nueva ley.[21]

De igual manera y, en atención a los planteamientos de los recurridos, en dicho caso expresamos lo siguiente:

Coincidimos con el foro apelativo a los efectos de que "es el legislador quien decide la fecha de vigencia de una ley. Si el legislador no se percató de que la vigencia propuesta para dicho artículo iba a coincidir con un día festivo, nada pueden hacer los tribunales al respecto. **No tenemos**

---

[21] Gonzalez v. Merck, *supra*.

**autoridad para cambiar la vigencia
de una ley**." (Énfasis suplido).

Tal como concluyéramos en <u>González v. Merck</u>, *supra*, la reclamación laboral de marras, presentada **el 28 de julio de 1999**, quedó sujeta al remedio de tres (3) años establecido en el Artículo 12 de la Ley Núm. 180, *supra*. No podemos perder de perspectiva que los aquí recurridos tuvieron un (1) año para beneficiarse del plazo decenal de la legislación anterior de salario mínimo. Para poder cobijarse bajo las disposiciones de la misma, y así reclamar los salarios por el período de diez (10) años, debieron instar su acción judicial **antes del 28 de julio de 1999**. La propia Ley proveyó y advirtió a la ciudadanía sobre esta oportunidad.

Concluimos que los recurridos únicamente pueden reclamar los salarios debidos y no pagados por los tres (3) años anteriores a la presentación de la demanda.

*2. Enmiendas a las alegaciones luego de un dictamen final y firme.*

Este Foro ha expresado que aunque la Regla 13.1 de Procedimiento Civil[22] establece una clara directriz en cuanto a la concesión liberal de las enmiendas cuando la justicia así lo requiera, dicha liberalidad <u>no es infinita</u>. La concesión de las enmiendas se encuentra condicionada por un <u>juicioso ejercicio de discreción</u>, en el cual se deben ponderar los siguientes elementos: 1) <u>el momento en que se solicita la</u>

---

[22] 32 L.P.R.A. Ap. III.

enmienda; 2) el impacto de la solicitud en la pronta adjudicación de la cuestión litigiosa; 3) la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda; 4) el perjuicio que la misma causaría a la otra parte; y 5) la naturaleza y méritos intrínsecos de la defensa que se plantea. Al presentarse una solicitud para enmendar las alegaciones, el tribunal debe evaluar, como requisito indispensable para la concesión de la enmienda, si la misma implica un perjuicio indebido para la parte contraria. Este factor es determinante.[23]

Surge de la relación fáctica que antecede que el foro primario dictó Sentencia parcial, con carácter final, el 13 de marzo de 2000 y que la misma fue confirmada por el foro intermedio apelativo el 27 de junio de 2000, adquiriendo, con posterioridad, carácter final y firme. No obstante, el 26 de abril de 2005, los aquí recurridos intentaron enmendar las alegaciones de la demanda original casi seis (6) años después de presentada y luego de que, tanto el foro primario como el foro intermedio apelativo, adjudicaran precisamente el asunto objeto de la pretendida enmienda.[24]

Permitir la presentación de una demanda enmendada en un estado tan avanzado de los procedimientos atentaría contra la

---

[23] Troia v. Consejo, 2006 T.S.P.R. 180, 2006 J.T.S. 188, 169 D.P.R.___ (2006); S.L.G. Sierra v. Rodríguez, 2005 T.S.P.R. 9, 2005 J.T.S. 21, 163 D.P.R.___(2005); Epifanio Vidal, Inc. v. Suro, 103, S.P.R. 793 (1976).

[24] Conviene destacar que el foro primario denegó las enmiendas solicitadas en una ocasión previa, esto es el 25 de junio de 2003.

agilidad que deben tener los procesos ante los tribunales e incidiría sobre la confianza que deben tener las partes, y la ciudadanía en general, en la finalidad y firmeza de los pronunciamientos judiciales que adquieren tal carácter.

## III

Por los fundamentos antes expuestos, coincidimos con la Mayoría en revocar la Sentencia del Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo resuelto.

*Efraín E. Rivera Pérez*
*Juez Asociado*